IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2008 FEB -8 A 9: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Ex parte Sammy Caldwell,
Movant,

Sammy Caldwell,
Plaintiff,

V.

Richard F. Allen, et al.,
Defendants.

Case No. ____________

**PLAINTIFF'S MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF EMERGENCY PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER WITH SWORN AFFIDAVIT IN SUPPORT THEREOF**

In considering a motion for preliminary injunction, the requesting party must show that:(1) that there is a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues;(3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. See. **United States v. Jefferson County**, 720 F.2d 1511,1519 (5th Cir. 1983) (quoting **Canal Authority of State of Florida v. Callaway**, 489 F.2d 567, 573 (5th Cir. 1974).

A district court must remember that a preliminary injunction is an extraordinary and drastic remedy and it is not to be granted unless the movant "*clearly carries the burden of persuasion.*" Id. at 573.

The primary justification for applying this remedy, *"is to preserve the court's ability to render a meaningful decision on the merits"* Id (emphasis added).

The grant or denial of a preliminary injunction, rest in the discretion of the District Court. Nevertheless, the District Court does not exercise unbridled discretion. See. ***Johnson v. Redford***, 449 F.2d 1511 (5th Cir. 1971).

"The burden of persuasion in all four requirements is at all times upon the plaintiff." ***Johnson***, at 1519; **Canal** at 573. The plaintiff submits the following in support of his "*burden of persuasion.*"

**I. THERE IS A SUBSTANTIAL LIKELIHOOD, THAT PLAINTIFF WILL ULTIMATELY PREVAIL ON THE MERITS.**

Plaintiff states that, a cause of action exists under 42 U.S.C. § 1983, if (1) the defendants acted under color of state law; and (2) their actions deprived a plaintiff of a constitutional right. ***Parratt v. Taylor***, 451 US 527, 535, 101 S.Ct. 1908,1912. 68 L.Ed. 2d 420(1981).

**A. DENIAL OF MEDICAL CARE.**

A federal district court faces the prospect of enjoining prison officials to provide certain services to inmates. The Eighth Amendment to the Constitution of the United States requires a state to provide medical care to those whom it punishes by incarceration. ***Estelle v. Gamble***, 429 U.S.97, 97 S.Ct. 285, 50 L. Ed. 2d. 251 (1976) *reh.den*. 429 U.S. 1066, 97 S.Ct. 798, 50 L. Ed. 2d. 785 (1977).

**B. SERIOUS DENTAL NEED.**

In ***Estelle v. Gamble***, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." 429 U.S. at 104, 97 S.Ct. at 291, 50 L.Ed.2d 251 (1976). "This is true," said the Court, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally interfering with the treatment once proscribed. *Id.* at 104-105,97 S.Ct. at 291-292.

A State's obligation applies to dental care as well, ***Chapman v. Rhodes***, 434 F.Supp. 1007,1020 (S.D.Ohio 1977), *aff'd,* 624 F. 2d.1099 (6th Cir. 1980), rev. in other part, 452 U.S. 337, 344, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). It has been held that *"dental care is one of the most important medical needs of inmates."* ***Ramos v. Lamm***, 639 F. 2d. 559,576 (10th Cir. 1980). (Emphasis added).

In numerous of other cases, courts have held that the eight amendment applies to dental care. See *e.g.*, ***Fields v. Gander***, 734 F.2d. 1313,1314-1315 (8th Cir. 1984).

A cognizable claim regarding inadequate dental care, like one involving medical care, can be based upon various factors, such as the pain suffered by the plaintiff. ***Fields v. Gander***, supra. In **Barnes v. Virgin Islands**, 415 F.Supp. 1218

**(D.V.I. 1976)**, the Court held that prisoners [illegible] curative and preventive dental work. *Id* at 1235.

Nevertheless, a prisoner is entitled only for conditions [illegible] cause pain, discomfort, or threat to good health, not treatment to ward off such conditions. Although preventive dentistry would probably save time in the end, the Constitution does not require wise dentistry, only dentistry which responds to the inmates pain and discomfort. Plaintiff alleges that he has been unable to chew his food, thus making him suffer severe hardship. (i.e., unable to sleep, eat, suffering from severe headaches, bleeding gums, swollen jaw) See exhibits to complaint.

## II. THERE IS A SUBSTANTIAL THREAT OF IRREPARABLE INJURY TO THE PLAINTIFF UNLESS THE INJUNCTION ISSUES

Although delay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation, see **Shapely v. Nevada Bd. Of State Prison Comm'rs,** 766 F.2d. 404,407 (**9th Cir. 1985)**, prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny,delay,or intentionally interfere with medical treatment.

Plaintiff states that Defendants, Specifically. King D.M.D., Davis, RDH and Hunt, RN were aware of plaintiff's pain and suffering but refused to deliver adequate medical care to the plaintiff. It has been held that in certain instances, "*a physician may be deliberately indifferent if hr or she consciously chooses an easier and less effecious*" treatment plain. See ***Williams v. Vincent,*** 508 F.2d.541,544 **(2d Cir.1974.)**

It is true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation. See ***Hamm v. Dekalb County***, 774 F.2d.1567,1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096,106 S.Ct. 1492, 89 L.Ed.894 (1986). *"Hesitation does not mean, however, that the course of a physician's treatment of a prison inmate's medical... problems can never manifest the physician's deliberately indifference to the inmate's medical need." See* **Waldrop v. Evans**, 871 F.2d. 1030,1035 (11th Cir. 1989) *(quoting* **Murrell v. Bennett**, 615 F.2d.306,310 n. 4 (5th Cir. 1980).

**III. THE THREATENED INJURY TO THE PLAINTIFF OUTWEIGHS WHATEVER DAMAGE THE PROPOSED INJUNCTION MAY CAUSE THE OPPOSING PARTY**

When a state imposes imprisonment as a punishment for a crime, it accepts the obligation to provide persons in its custody with a medical care system that meets minimal standards of adequacy. This obligation is enforceable in the federal court, since inadequate medical care for prisoners violates the Eighth Amendment to the United States Constitution.[1] See ***Estelle v. Gamble***, _supra,_ at 104.

With respect to medical care a plaintiff can establish an Eighth Amendment violation only if they can prove that there has been a *"deliberate indifference to serious medical needs of the prisoner,"* Id at 104. As a practical manner, *"deliberate indifference"* can be evidenced by ***"repeated examples** of negligent acts which disclose a pattern of conduct by the prison medical staff"* or it can be demonstrated by *"proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied adequate medical care"* **Romos v. Lamm**, *supra, at 575.*

Even though the Eighth Amendment to the Constitution of the United States is reinforced by the 14th Amendment, which prohibits cruel and unusual punishments, it is much to late in the day for the states and prison authorities to think that they may withhold from prisoners the basic necessities of life, which include ***reasonably adequate…and necessary medical attention***, **Gates v. Collier**, 501 F.2d. 1291 (5th Cir 1974); **Newman v. Alabama**, 503 F.2d 1320, (5th Cir. 1974) *cert. denied* 421 U.S. 948, 95 S.Ct. 1680,44 L.Ed.2d 102; Williams v. Edwards, 547 F.2d.1206 (5th Cir.1977)

[1] The Eighth Amendment is applicable to the states through the 14th Amendment. See **Robinson v. California,** (1962) 370 US 660,675 8 L. Ed. 2d 758,768, 82 S. Ct. 1417; See e.g. **United States v. Drother**, 416 F.2d. 914, 916 (5th Cir. 1969); **Bunyon v. Burke County**, 306 F.Supp. 2d 1240 (11th Cir. 2004); **Seals v. Shah,** 145 F.Supp.2d. 1378 (N.D.Ga. 2001).

State officials are not above the law. See, **Newman v. State of Ala.**, supra at 1318.

The 11th Circuit has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitutes deliberate indifference. See **Carswell v. Bay County**, 839 F.2d 454,457 (11th Cir.1988); **Ancata v. Prison Health Services, Inc**, 769 F.2d 700,704 (11th Cir. 1985); **Fielder v. Bosshard**, 590 F.2d 105,108 (5th 1979).

Plaintiff states, respectfully that, the defendants had knowledge of his medical needs, from November 20,2007 (the initial time of request) until December 13,2007, (when he was actually seen by a dentist)(approximately 24 days), and from December 13,2007 (the initial time of medical grievance to December 17,2007 (when his medical grievance and appeal was answered by defendants.

When the need is so obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference. See **Ancata v. Prison Health Service, Inc**. *supra*, at 704 (medical care to pretrial detainee care which is so cursory as to amount to no treatment at all may violate the Fourteenth Amendment); **West v. Keve**, 571 F.2d.158 at 162 (3rd Cir. 1978)(although inmate who alleged post-operative pain in his leg had been provided with aspirin, "this may not constitute adequate medical care").

Here the Plaintiff states that he had not received any medication before or after the extraction of his teeth. He did **receive medication for his back and neck which was prescribed by another doctor**! *See Plaintiff's Exhibit D of Complaint.*

IV. **THE INJUNCTION IF ISSUED, WOULD NOT BE ADVERSE TO THE PUBLIC INTEREST.**

In this case, the failure of the dentist to provide adequate medical care constitutes an infliction of "unnecessary and wanton infliction of pain" which is *"repugnant to the conscience of mankind."*

The logic of this is not difficult to perceive. An individual incarcerated, whether for a term of life for the commission of some heinous crime, or merely for the night to "dry out" in the local drunk take, becomes vulnerable and dependent upon the state to provide certain

simple and basic human needs. Examples are food, shelter, and sanitation. Facilities may be primitive but they must be adequate. Medical care is another such need. Denial of the necessary medical attention may well result in disabilities beyond that contemplated by the incarceration itself.

The result may be crippling injury. The public interest is a significant financial interest in the management of the prison system, in that, *"a free democratic society cannot cage inmates like animals in a zoo or stack them chattels in a warehouse and expect them to emerge as decent law abiding, contributing members of the community. In the end society becomes the loser."* See. **Costello v. Wainwright**, 397 F.Supp.20 (M.D.Fla. 1973).

In the words intoned by Circuit Judge Coleman, in **Newman v. State of Alabama**, 559 F.2d. 283 supra, who stated:

*"We cannot believe that the good people of a great state approved the prison situation demonstrated by the evidence." Id at 288*

Lack of funds or authority over funds does not justify the state's operation of prisons (which includes providing medical care) in an unconstitutional manner, **Williams v. Edwards**, 547 F.2d 1206, 1212 (5th Cir. 1977); this would be against public interest.

***Conclusion***

***WHEREFORE****, the premises are considered, the plaintiff most humbly and respectfully prays that this Most Honorable Court, in it most Sovereign and Infinite would GRANT plaintiff his request for preliminary injunction in the above-styled cause.*

*Done this* 29 *day of* January *A.D. 2008.*

*Respectfully submitted,*

[signature]

*Mr. Sammy Caldwell,*
*28779 Nick Davis Rd.*
*Harvest, Alabama 35749-7009*

**Certificate of service**

*I hereby certify that a copy of the foregoing document was served upon the following parties to this action;*

*ALABAMA DEPARTMENT OF CORRECTIONS*
P.O. Box 301501
Montgomery Ala. 36130-1501

*CORRECTIONAL MEDICAL SERVICES*
126447 olive blvd
St. Louis MO 63141-1752

United States District Court
Middle District of Alabama
15 lee street
Montgomery, ala 36104-0711

*Respectfully submitted,*
*Mr. Sammy Caldwell,*
*28779 Nick Davis Rd.*
*Harvest, Alabama 35749-7009*

*Sworn to and subscribed by me this day* 29 Jan *of A.D. 2008.*

*Notary public* — *My Commission expires* 9-26-11

*CC. Debra P. Hackett, clerk of court*
*Richard F. Allen*
*Brandon Kanard*
*Ruth Naglish*
*Correctional Medical Services*
*Billy Mitchem*
*Alisha Davis*
*Debra Hunt*
*Dr. King,*
*File: Mr. Sammy Caldwell, pro se.*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2008 FEB -8 A 9: 27

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Mr. Sammy Caldwell, *

Plaintiff, *

*

Vs. * Case no: CV-58 -MHT (WO)

*

Hon. Richard F. Allen, et al., *

Defendants.

DECLARATION AND SWORN AFFIDAVIT

UNDER THE PENALTY OF PERJURY OF PLAINTIFF SAMMY CALDWELL

STATE OF ALABAMA

LIMESTONE COUNTY (CITY OF HARVEST)

BEFORE ME, the undersigned authority and Notary Public, personally appeared Sammy Caldwell, who being known to me and being by me first dully sworn on oath and deposes and says as follows:

1.) My name is Sammy Caldwell; I am over the age of 18 and competent to make this declaration, being of sound mind.

2.) I am an inmate of the Alabama Department of Corrections, (*Richard F. Allen*, the Commissioner, of the Alabama Department of Corrections ) and in the custody of

Limestone Correctional Facility (*Billy Mitchem*, Warden III) and have been since around 2000;

3.) On **20-November-07**, I signed up for Medical "sick call" by submitting a request to see a dentist to pull my teeth because I was having problems eating and sleeping;

4.) On **27- November-07**, I received a response from Defendant ***Alisha Davis***, RDH purporting that "no dentist was available at the time" "No appt. made" [1]

5.) On **29-- November-07**, I submitted a Medical Grievance, replying to Defendant Alisha Davis, RDH's answer.

6.) On **3-December-07**, a response was made by an unknown CMS Department head (assumed to be **Debra Hunt, RN**) stating that "sick call has slip has been collected. Anticipated dentist soon"

7.) On **10- December-07**, I submitted a Medical Grievance Appeal, replying to unknown CMS Department head (assumed to be Debra Hunt, RN) stating that I was having problems eating and sleeping, suffering with severe headaches, etc.;

8.) On **13-December-07**, I was seen by **Defendant King, DMD**, where I was threatened of my well-being, by stating that "*Somebody's going to get hurt here but it won't be me*". Thereafter, Defendant King, DMD, left a partially extracted tooth in my gum the result being a swollen jaw,(inflammation) and **intentionally** failed to provide appropriate medical attention;

---

[1] CMS provided Medical Services for the Alabama Department of Corrections effective **1-November-07**.

9.) On **16-December-07,** I filed formal complaints to ***Billy Mitchem*****, Warden III)** , ***Richard F. Allen***, the Commissioner, of the Alabama Department of Corrections ) ***Ruth Naglish***, the Deputy Commissioner of Inmate Health Services for the Alabama Department of Corrections; *Brandon Kanard, Director of* Inmate Health Services for the Alabama Department of Corrections, CMS regarding the policy the quality of dental care.

10. On 17-December-07, I was escorted to the Health Care Unit (A-Dorm), where Defendant Alisha Davis, stated " Stop filing these grievances, either way do what you have to do, we will be prepared".

I, Sammy Caldwell, declare that competent to make this declaration, being of sound mind.

God, heaven and earth be my witnesses.

Done this, 29 th day of Janury A.D. 2008.

SWORN TO AND SUBSCRIBED BY ME ON THIS DAY 29 Jan A.D 2008.

| [signature] | 9-26-11 | [signature] |
|---|---|---|
| Notary Public | My Commission Expires | Sammy Caldwell |