IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

SAMMY CALDWELL,

PLAINTIFF,

* CASE NO: **2:08-cv-58-MHT (WC)**

Vs.                                        *    **(EVIDENTIARY HEARING REQUESTED)**

RICHARD F. ALLEN, COMMISSIONER   *

In his individual and official capacities, et al  *

DEFENDANTS.                           *

## EMERGENCY MOTION UNDER FRAP RULE 27.

On January 25, 2008, this Court denied plaintiff's motion for temporary restraining order (Doc # 4). Pursuant to FRAP Rule 27(a) (2), a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it, which must include a copy of the trial court's opinion. Petitioner states that once officials know about a serious medical need, they must respond reasonably.

The Supreme Court wrote that the Constitution prohibits officials from "*intentionally denying, or delaying access to medical care or intentionally interfering with the treatment once prescribed.*" Estelle v. Gamble, (1983), 429 US at 104-05. It is recognized that officials may not go on a *"campaign of harassment."* See generally Olim v. Wakinekona, (1983) 461 US 238; Furthermore, this Court does not retain jurisdiction or subject-matter jurisdiction, to enter judgment because it did not grant or deny plaintiff's motion to proceed in forma pauperis. See. 28 U.S.C 1915 (a); See generally Adkins v. E. I. Du Pont de Nemours & Co,. (1948) 335 US 331.

## CONCLUSION AND RELIEF SOUGHT

The concept of what constitutes irreparable injury is so flexible as to be elusive. However, it seems clear that a party can demonstrate that the loss likely to occur if an ex parte temporary restraining order is not issued is an irreparable loss when the damages will be of such of a nature as are difficult to calculate. See **Siegel v. Lepore**, 234 F.3d 1163, 1176 (11th Cir. 2000) (holding that a showing of irreparable injury is "'*the sine qua non of injunctive relief*"). *Plaintiff's contentions, that the district Court made and order, which is misplaced.* (Quoting **Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville**, 896 F 2d 1283, 1285 (11th Cir. 1990); see also **Doran v. Salem Inn, Inc.**, (1975) 422 US 922,931. The threatened injury to plaintiff outweighs any harm the proposed injunction may cause the defendants. Plaintiff is a qualified disabled individual, under **American with Disabilities Act (ADA) of 1996**. The relief that the plaintiff seek is an order compelling the defendants to perform their pre-existing duties under the United States Constitution.

Respectfully submitted on this 30th day of January, A.D. 2008

## PROOF OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING EMERGENCY MOTION UNDER FRAP RULE 27. is served upon opposing counsel of record:

Alabama Department of Corrections        UNITED STATES DISTRICT COURT
Legal Division                           MIDDLE DISTRICT OF ALABAMA
P.O. Box 301501                          P.O. BOX 711
Montgomery, Alabama 36130-1501           MONTGOMERY, ALABAMA 36101-0711

By placing the same in the United States Postal Service Limestone Correctional Facility, "Legal Mail" system, on this 30th, day of January A.D.2008.

_____        _____        _____
NOTARY PUBLIC                  MY COMMISSION EXPIRES          SAMMY CALDWELL,
                               9-26-11                         28779 Nick Davis Rd.
                                                               Harvest, Alabama 35749-7009

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SAMMY CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:08cv58-MHT |
| | ) | |
| RICHARD ALLEN, | ) | |
| Commissioner, in his | ) | |
| individual and official | ) | |
| capacities, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED that plaintiff Sammy Caldwell's motion
for temporary restraining order, contained in his
complaint filed on January 24, 2008 (Doc. No. 1), at 18,
is denied.

It is further ORDERED that this cause is referred
back to the United States Magistrate Judge for further
appropriate proceedings.

DONE, this the 25th day of January, 2008.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

Mr. Sammy Caldwell
24779 Nick Davis Rd
Harvest, AL 35749-7009



This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

United States District Court
Middle District Court of Alabama
c/o Ms. Debra P. Hackett
15 Lee Street

LEGAL MAIL.

